Case: 4:18-cr-01001-RLW   Doc. #:  2   Filed: 12/06/18   Page: 1 of 6 PageID #: 9

FILED
DEC - 6 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES FLANNERY,<br><br>Defendant. | No. **4:18CR01001 RLW/PLC** |

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

**A.   Introduction**

At all times relevant to this indictment:

1.   The Social Security Act established a number of programs, including Title II Disability Insurance Benefits program, that pay benefits to individuals who are disabled, blind, or over 65 years of age.

2.   Under the Social Security Act, disability is generally defined as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that has lasted, or could be expected to last, for a continuous period of not less than twelve months. To meet this definition, an individual needs to have a severe impairment that prevents the individual from performing either past relevant work or other substantial gainful work that exists in the national economy.

3.   An individual receiving Disability Insurance Benefits is required to report to the Social

Security Administration if the individual is engaging in work activity.

4. If an individual receiving Disability Insurance Benefits does not report or otherwise conceals their work activity, the individual could potentially create an overpayment of benefits for the month(s) they are involved in work activity.

5. On or about March 15, 2002, James Flannery applied for Title II Disability Insurance Benefits, and was granted benefits on October 23, 2002. Flannery's disability onset date was determined to be October 9, 1999, and his severe impairment was classified as "Disorders of Back."

6. From approximately January 28, 2011, through at least May, 2018, James Flannery ran a business in which he bought and sold wooden pallets, working with several different businesses.

7. In May 2018, the Social Security Administration ceased James Flannery's disability benefits, due to his alleged work activity.

**B.      The Scheme to Defraud**

8. Beginning on or about March 15, 2002, and continuing through on or about May 1, 2018, in the Eastern District of Missouri, the defendant,

**JAMES FLANNERY,**

devised, and intended to devise, a scheme and artifice to defraud the Social Security Administration, by means of materially false and fraudulent pretenses, representations and promises, and by concealment of material facts, which scheme is further described in the following paragraph:

9. It was part of the scheme and artifice to defraud that:

a. When applying for Disability Insurance Benefits on March 15, 2002, James Flannery falsely represented to the Social Security Administration that, on or about October 9, 1999, he became unable to work due to his physical health condition(s).

b. When completing a Continuing Disability Review Form on September 27, 2017, James Flannery falsely represented to the Social Security Administration that he had not worked.

c. When completing Work Activity Reports on September 27, 2017, James Flannery falsely represented to the Social Security Administration that he had not worked, as an employee or in self-employment.

d. Beginning in or about January 2012, and continuing through in or about May 2018, James Flannery caused the Social Security Administration to issue to him approximately $113,046.10 in Disability Insurance Benefits, which James Flannery was not entitled to receive.

C. **The Wire Transmission**

10. On or about May 1, 2018, in the Eastern District of Missouri, the defendant,

**JAMES FLANNERY,**

for the purpose of executing the above-described scheme to defraud, did knowingly cause to be transmitted, by means of wire communication in and affecting interstate commerce, certain writings, signs, signals, pictures, and sounds, that being, a wire funds transfer of Disability Insurance Benefits in the amount of $1,084.00, from the Office of Central Operations in Baltimore, Maryland, to Citizen's Bank in New Haven, Missouri.

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The Grand Jury further charges:

On or about September 27, 2017, within the Eastern District of Missouri, the defendant,

**JAMES FLANNERY,**

in a matter within the jurisdiction of the Social Security Administration, a department of the United States, did knowingly and willfully make and cause to be made a false, fictitious, and fraudulent statement and representation as to a material fact and did make and use and cause to be made and used a false document, knowing the same to contain a materially false, fictitious and fraudulent statement, in that, in a document entitled "Continuing Disability Review Report," **JAMES FLANNERY** did state and represent and cause to be stated and represented that he had not worked since the date of his last medical disability decision, and as defendant **JAMES FLANNERY** well knew, he had been regularly working and earning income running a business.

In violation of Title 18, United States Code, Section 1001(a).

## COUNT THREE

The Grand Jury further charges:

On or about September 27, 2017, within the Eastern District of Missouri, the defendant,

**JAMES FLANNERY,**

had knowledge of an event affecting his right to receive or to continue to receive payments from Social Security Administration Title II benefits, and concealed or failed to disclose that event to the Social Security Administration, with the intent to fraudulently secure payment of Title II benefits either in an amount greater than was due or when no payment was authorized, to wit:

**JAMES FLANNERY** had been regularly working and earning income running a pallet business, and failed to disclose this work and income to the Social Security Administration.

In violation of Title 42, United States Code, Section 408(a)(4).

## COUNT FOUR

The Grand Jury further charges:

On or about May 3, 2018, within the Eastern District of Missouri, the defendant,

## JAMES FLANNERY,

did embezzle, steal, purloin, or knowingly convert to his use, and the use of others, money of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof, to wit: $1,084.00 in the form of Social Security Administration Disability Insurance benefit payments, creating a total loss to the government in excess of $1,000.00.

In violation of Title 18, United States Code, Section 641.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 641 as set forth in Count III, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violation.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

3. If any of the property described above, as a result of any act or omission of the

defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                                        A TRUE BILL.


_____
FOREPERSON

JEFFREY B. JENSEN,
United States Attorney


_____
DIANE E.H. KLOCKE, #61670MO
Special Assistant United States Attorney